**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

PATRICIA A. RHODES,               )
                                  )
          Plaintiff,              )
                                  )
v.                                )          **Civil No. 1:13CV187-RLV**
                                  )
                                  )
CAROLYN W. COLVIN,                )
Acting Commissioner of Social Security,   )
                                  )
          Defendant.              )


**ORDER REVERSING DECISION AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS**

Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security

Administration, has moved this Court, pursuant to sentence four of 42 U.S.C. § 405(g), to enter a

judgment reversing her decision with a remand of the cause for further administrative

proceedings.

Upon remand, the Appeals Council will direct the Administrative Law Judge to (i) explain

what weight he affords consultative examiner Dr. Penland's opinion; (ii) reevaluate Plaintiff's

mental impairments; (iii) further consider Plaintiff's residual functional capacity; (iv) reevaluate

Plaintiff's subjective complaints; and (v) if necessary, obtain supplemental testimony from a

vocational expert.  In addition, the Administrative Law Judge will offer to take any further action

needed to complete the administrative record and issue a new decision.

Pursuant to the power of this Court to enter a judgment reversing the Commissioner's

decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), this

Court hereby **REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. §

405(g) with a **REMAND** of the cause to the Commissioner for further proceedings.  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).  The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.  As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys' fees, including any motion for such fees under the Equal Access to Justice Act (EAJA).  The Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorneys' fees under EAJA in this matter.

Signed: April 1, 2014

Richard L. Voorhees
United States District Judge